UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

CAROLINA WALTER-HASTINGS

     Plaintiff,

v.

BAPTIST HEALTH SOUTH FLORIDA, INC.
d/b/a BOCA RATON REGIONAL HOSPITAL
a Florida Not For Profit Corporation,

     Defendant.

v.

Robert Godbout

     Defendant.

v.

Diane Massucci

     Defendant.

v.

Aundrea Leimgardt

     Defendant.

_____/

> FILED BY ___ces___ D.C.
>
> OCT 08 2024
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S.D. OF FLA. – W.P.B.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Carolina Walter-Hastings ("Plaintiff"), pro se, files this Complaint against

Defendant Baptist Health South Florida, Inc. ("Baptist Health," "Employer," or "BHSF"),

Defendant Boca Raton Regional Hospital, Inc. ("Boca Regional," "Employer," or "BRRH"),

Defendant Robert Godbout ("Mr. Godbout," "Supervisor," or "Director"), Defendant Diane

Massucci ("Ms. Massucci" or "Occupational Health Nurse"), and Defendant Aundrea Leimgardt ("Ms. Leimgardt" or "CVICU Charge Nurse"), and states:

## INTRODUCTION

1.      This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"); Section 504 of the Rehabilitation Act of 1973; the Civil Rights Act of 1991, 42 U.S.C. §1981a; and the Florida Civil Rights Act of 1992 ("FCRA"). Plaintiff seeks relief for the unlawful employment practices committed against her, including harassment, retaliation, defamation, failure to accommodate under the ADA and Section 1981, and conspiracy to interfere with civil rights under 42 U.S.C. §1985(3).

## PARTIES

2.      Plaintiff is a resident of Palm Beach County, Florida, over the age of 18, and was employed by BHSF as a registered nurse at Boca Raton Regional Hospital from June 6, 2022, until her termination on October 4, 2023.

3.      Defendant Baptist Health South Florida, Inc. is a nonprofit corporation with its principal place of business at 6855 Red Road, Suite 600, Coral Gables, Florida, and operates Boca Raton Regional Hospital, located at 800 Meadows Road, Boca Raton, Florida.

4.      Defendant Boca Raton Regional Hospital, Inc. is a nonprofit corporation under BHSF's control, with the same principal business location and operational management as BHSF.

5.      Defendant Robert J. Godbout is a resident of Palm Beach County, Florida, and was the Director of Critical Care Nursing at Boca Raton Regional Hospital during Plaintiff's employment. Godbout exercised supervisory authority over Plaintiff and others in the CVICU.

6.      Defendant Aundrea L. Leimgardt is a resident of Palm Beach County, Florida, and was the CVICU Charge Nurse at Boca Raton Regional Hospital during Plaintiff's employment.

7.      Defendant Diane J. Massucci is a resident of Palm Beach County, Florida, and was employed as an Occupational Health Nurse at Boca Raton Regional Hospital.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law, including the ADA, ADAAA, and 42 U.S.C. §1981a. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

9.      Venue is proper in this District under 28 U.S.C. §1391 because the Defendants reside in this District and the events or omissions giving rise to the claims occurred within this District.

10.     Plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a Right-to-Sue letter dated July 10, 2024, fulfilling all conditions precedent to this action.

## RELATIONSHIP BETWEEN DEFENDANTS

11.     Defendant Baptist Health owns and operates several hospitals, outpatient facilities, and numerous for-profit and nonprofit corporations/entities throughout the South Florida Region, one of which is Boca Raton Regional Hospital, Inc.

12.     Pursuant to its Articles of Incorporation[1] and publicly available Exempt Organization Tax Filings organized and at all times operated, exclusively for the benefit of and to perform the functions and purposes of its affiliates, including Boca Regional.

13.     Defendants Baptist Health and Boca Regional are presented as a unified brand. *See, e.g.*, BHSF, *Our Name is* Health, Facts & Stats section ("Baptist Health South Florida is one of America's preeminent healthcare institutions [which] includes 12 hospitals, more than 200 outpatient facilities and physician practice locations, and institutes and centers of excellence specializing in [medical services].")[2] *See also*, BHSF, IRS Form 990, pt. III, l. 4a for fiscal year ending Sept. 2022 ("As South Florida's *largest private employer*, Baptist Health is taking a leadership role[.] ... ***We directly employ more than 25,000 individuals*** and, during FY22 had an average of 4,000 job openings[.] ... Baptist Health provided patient services to the South Florida area with 96,229 adult admissions ... and 506,470 Emergency Room visits.") (emphasis added)

14. All of the assets and earnings of Defendant Baptist Health are exclusively used to carry out the functions and purposes of its affiliates, including Boca Regional.

15. Defendant Baptist Health is functionally integrated with Boca Regional and is irrevocably appointed as the agent of Boca Regional for the purposes of borrowing on behalf of Boca Regional, for the purposes of authorizing and issuing indebtedness on

---

[1] Articles of Incorporation, BHSF, Aug. 8, 2022, Fla. Dep't of State, Div. of Corp., Doc. N42700

[2] Available at [https://776c072e.flowpaper.com/OurNameisHealth/#page=2] (Last visited Aug. 27, 2024)

behalf of or in the name of Boca Regional, and for the purposes of pledging assets of Boca Regional to secure such indebtedness.

16. Boca Regional is prohibited from adopting any annual operating or capital budget, or approving any changes thereto, without the prior approval of Baptist Health.

17. Baptist Health has a system-wide treasury policy, which oversees, manages, and coordinates all of Boca Regional's treasury operations, serves as the centralized cash receipt and disbursing agent for Boca Regional and all Baptist Health entities[3], and is the appointed pay agent for Boca Regional.

18. The treasury policy provides that all of Boca Regional's unrestricted cash and investments be transferred to Baptist Health and that Baptist Health provide financial support for Boca Regional, and provide or arrange for advances and loans to Boca Regional.

19. Baptist Health exercises a substantial degree of direction and control over the policies, programs, and activities of Boca Regional, including but not limited to finance, budgets,  human resources, legal, strategic planning, and additionally retains control of all of the corporate functions of BRRH.

20. The Board of Trustees of BHSF appoints the Board Members of Boca Regional and must approve any of All of Boca Regional's Board Member nominees must be approved Baptist Health's Board of Trustees, and Baptist Health's Board of Trustees has the authority to appoint Board Members for Boca Regional.

21. Baptist Health appoints and compensates the Chief Executive Officer ("CEO") of Boca Regional, and delegates to the CEO the power to direct and oversee the day-to-

---

[3] Baptist Health refers to its controlled organizations as both "entities" and "affiliates" and uses the two words interchangeably.

day operations in alignment with the directives of Baptist Health, ensure adherence to Baptist Health's corporate policies and financial practices, conduct direct oversight and remain accountable to BHSF for ensuring the effective performance and coordination of the following corporate functions retained by BHSF and performed on behalf of Boca Regional, in alignment with the strategic initiatives set by Baptist Health.

22. As stated in its Articles of Incorporation, Baptist Health has the right to perform and performs the following corporate functions on behalf of its affiliates, including Boca Regional:

(a) Management and oversight of financial operations and policies, including, but not limited to, investment policies, indebtedness, financial controls, and long range financial planning;

(b) Perform and provide Human Resource functions including, without limitation, development and implementation of personnel policies, employee benefit plans (including, but not limited to, pension plans and retirement matters), executive compensation, and health insurance plans;

(c) Develop and implement management policies, administrative policies, and other policies;

(d) Purchase insurance and manage insurance matters;

(e) Contract with third party payors;

(f) Borrow and incur indebtedness;

(g) Provide and contract for legal services;

(h) Perform risk management functions;

(i) Implement and operate the Corporate Compliance Program;

(j) Develop and implement all strategic and long range plans;

(k) Develop and establish budgets;

(l) Perform and provide audit functions (including selection of accountants and auditors), review audited financial statements and audit plans, and directly supervise internal audit functions;

(m) Authorize the purchase, sale, transfer, mortgage or encumbrance of real property;

(n) Perform zoning and master facility planning, and implement such plans;

(o) Provide data processing and information systems;

(p) Manage information systems and data processing functions;

(q) Perform public relations and marketing functions;
(r) Perform charity care and community service programs functions;

## FACTUAL ALLEGATIONS

23.    Plaintiff was employed by BHSF as a registered nurse assigned to the Cardiovascular Intensive Care Unit ("CVICU") at Boca Raton Regional Hospital from June 6, 2022, to October 4, 2023.

24.    During her employment, Plaintiff experienced severe harassment and a hostile work environment perpetrated by Defendant Leimgardt, including exclusion, slander, and defamatory statements intended to undermine her performance.

25.    On August 18, 2022, Defendant Godbout issued an Employee Action Plan ("EAP") against Plaintiff, fabricating allegations that were false, defamatory, and could not be substantiated. These allegations posed a threat to Plaintiff's nursing license and reputation.

26.    Plaintiff reported the hostile work environment and harassment in the CVICU on multiple occasions, but Defendants took no corrective action. Instead, Godbout and other Defendants retaliated by issuing further write-ups, including a Step II Corrective Action, which republished false allegations from the EAP and entered them into Plaintiff's permanent employment record.

27.    On April 26, 2023, Plaintiff requested a reasonable accommodation for the use of a personal fan due to her respiratory condition, interstitial lung disease. Despite being cleared to return to work, and after working without issue for a month, Godbout and Massucci denied

Plaintiff's accommodation request on pretextual grounds, stating there was no policy against the use of fans, and that others were allowed to use them.

28.     Following Plaintiff's continued reports of harassment and failure to accommodate, Defendants retaliated by issuing a Step III Corrective Action on July 18, 2023, which contained additional fabricated allegations and further disparaged Plaintiff's professional competence.

29.     On October 4, 2023, Plaintiff's employment was terminated in direct retaliation for her protected activities, including her ongoing complaints regarding the hostile work environment and failure to accommodate her disability.

## COUNT I – HARASSMENT (LEIMGARDT)

18.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19.     Defendant Leimgardt harassed Plaintiff throughout her employment in the CVICU by creating a hostile work environment, which included public slander, exclusion from meetings, and spreading false information about Plaintiff's competence.

20.     The harassment was severe and pervasive, affecting Plaintiff's ability to perform her duties and leading to substantial emotional and professional harm.

## COUNT II – HOSTILE WORK ENVIRONMENT (LEIMGARDT, GODBOUT, BHSF, BRRH)

21.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.     Defendants Leimgardt, Godbout, BHSF, and BRRH created and perpetuated a hostile work environment by allowing and participating in discriminatory practices, including baseless allegations, excessive scrutiny, and surveillance, all of which were intended to undermine Plaintiff's professional standing.

23.     Defendants' actions violate the ADA and FCRA, entitling Plaintiff to compensatory and punitive damages.

## COUNT III – RETALIATION (GODBOUT, BHSF, BRRH)

24.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.     After Plaintiff engaged in protected activity by reporting harassment and requesting reasonable accommodation, Godbout retaliated by issuing false write-ups, transferring Plaintiff to a different unit under excessive scrutiny, and ultimately terminating her employment.

26.     Defendants' retaliatory actions were in violation of the ADA, ADAAA, and FCRA.

## COUNT IV – DEFAMATION (GODBOUT)

27.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Defendant Godbout defamed Plaintiff by issuing an EAP and Step II and III Corrective Actions, falsely accusing her of misconduct and incompetence. These accusations were disseminated within BRRH and placed in Plaintiff's permanent employment record.

29.     The false allegations severely damaged Plaintiff's professional reputation and posed a threat to her nursing license.

## COUNT V – FAILURE TO ACCOMMODATE UNDER ADAAA (BHSF, BRRH, GODBOUT, MASSUCCI)

30.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31.     Defendants failed to accommodate Plaintiff's disability, interstitial lung disease, by denying her request to use a personal fan, even though her condition and the accommodation were reasonable and medically necessary.

32.     Defendants' failure to accommodate violates the ADAAA and entitles Plaintiff to damages.

## COUNT VI – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. §1985(3) (GODBOUT, MASSUCCI)

33.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Defendants Godbout and Massucci conspired to deny Plaintiff's reasonable accommodation request, misrepresented her disability, and manipulated policies to justify their actions.

35.     Defendants' actions were in violation of 42 U.S.C. §1985(3), entitling Plaintiff to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant a trial by jury on all issues so triable;

2. Award Plaintiff compensatory damages, including back pay, front pay, and emotional distress;

3. Award Plaintiff punitive damages against Defendants;

4. Award Plaintiff attorneys' fees and costs; and

5. Grant such other relief as the Court deems just and proper.

Dated: October 8, 2024

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _Oct 8, 2024_

_Signature of Party_
**CAROLINA WALTER-HASTINGS**
21266 Purple Sage Ln,
Boca Raton, FL 33428
Phone: (954) 261-6854
Caro930@yahoo.com