UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81251-CIV-MARRA

CAROLINA WALTER-HASTINGS

    Plaintiff,

v.

BAPTIST HEALTH SOUTH FLORIDA, INC.
d/b/a BOCA RATON REGIONAL HOSPITAL
a Florida Not For Profit Corporation,
ROBERT GODBOUT, DIANE MASSUCCI,
AUNDREA LEIMGARDT

    Defendants.

_____/



FILED BY _____ D.C.

FEB 1 1 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME NUNC PRO TUNC
## TO EFFECT SERVICE OF PROCESS

    **COMES NOW** Plaintiff, CAROLINA WALTER-HASTINGS, pro se, and respectfully moves this Court for an extension of time nunc pro tunc to effect service of process pursuant to **Rule 4(m) and Rule 6(b)(1)(B)** of the Federal Rules of Civil Procedure. In support thereof, Plaintiff states as follows:

### I. Background

    1.    Plaintiff filed the Complaint in this action on **October 8, 2024**.

    2.    Under **Federal Rule of Civil Procedure 4(m)**, service of process was required to be completed by **January 6, 2025**.

3. On **January 8, 2025**, this Court entered an **Order to Show Cause** [D.E. 4] requiring Plaintiff to either serve the Defendants or show good cause within **20 days** (by January 28, 2025).

4. Plaintiff, proceeding **pro se**, mistakenly believed that the time to serve the Defendants was **120 days**, rather than **90 days**, based on Florida state procedural rules.

5. Plaintiff also refrained from immediate service due to **material errors in the initial complaint**, which Plaintiff intended to amend before serving the Defendants. This decision was based, in part, on the Court's **Order of Instructions to Pro Se Litigant** [D.E. 3], which cited case law emphasizing the need to define issues early and avoid unnecessary judicial waste.

6. Plaintiff did not realize the **Order to Show Cause** had been entered until February 2, 2025, after the 20-day deadline had expired.

## II. Unforeseen Circumstances & Excusable Neglect

7. Plaintiff acknowledges that the **20-day deadline set by the Court expired on January 28, 2025**, prior to Plaintiff's hospitalization. However, before Plaintiff could take steps to correct the issue upon realizing the oversight, Plaintiff was **hospitalized from February 3, 2025, to February 7, 2025, and was discharged on February 7, 2025**.

8. Due to this hospitalization, Plaintiff was **physically unable to file this motion sooner** upon recognizing the need to do so.

9. Under **Rule 6(b)(1)(B)**, the Court may extend a deadline **after it has expired** upon a showing of "excusable neglect." Given that Plaintiff was unexpectedly hospitalized and unable to take legal action for a significant period after recognizing the issue, Plaintiff

respectfully submits that this constitutes **excusable neglect** and warrants an extension nunc pro tunc.

### III. Additional Basis for Discretionary Extension

10. While Plaintiff acknowledges that **confusion of the state and federal service deadlines alone does not constitute good cause,** the following factors weigh in favor of granting an extension:

   a. **Good Faith Attempt to Proceed Properly** – Plaintiff acted in good faith, believing that amendment before service was necessary to comply with this Court's instruction to properly define the issues and avoid unnecessary judicial waste.

   b. **Pro Se Litigant Status** – Plaintiff, as a pro se litigant, inadvertently misunderstood the correct procedural timeframe. While this is not an excuse, courts have discretion to afford leniency to pro se parties.

   c. **No Prejudice to Defendants** – The Defendants have not been served, have not appeared, and have not suffered any prejudice from the delay.

   d. **Judicial Preference for Decisions on the Merits** – Courts generally prefer resolving cases on substantive grounds rather than procedural technicalities. Granting this motion would allow the case to proceed properly.

   e. **Prompt Action Upon Realization** – Plaintiff is filing this motion **immediately upon being medically able to do so,** before any order of dismissal has been entered.

## IV. Request for Relief

11. Plaintiff respectfully requests the Court **exercise its discretion under Rule 4(m) and Rule 6(b)(1)(B)** to extend the deadline for service **nunc pro tunc** and allow Plaintiff an additional **[30 days]** to properly amend the complaint and serve Defendants.

12. In the alternative, Plaintiff requests that the Court grant **any relief it deems just and proper** to avoid dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting an **extension of time nunc pro tunc** to effect service and permitting Plaintiff to properly serve the Complaint within [30 days] from the date of this Order.

Dated: February 11, 2025

Respectfully Submitted,

By: **/s/ Carolina Walter-Hastings**

Carolina Walter-Hastings

21266 Purple Sage Ln,

Boca Raton, FL 33428

954-261-6854

Caro930@yahoo.com

Pro Se Plaintiff